UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CONNIE SUE SUMMERLIN,
    Plaintiff,

v.                                                            3:12-cv-00007-WWE

ALMOST FAMILY, INC.,
    Defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Connie Sue Summerlin alleges violation of the Family and Medical Leave Act, Title 29 U.S.C. § 2601, *et seq.*; and the Connecticut Workers' Compensation Act, Connecticut General Statutes § 31-290a(a) against defendant Almost Family, Inc. Specifically, plaintiff alleges that defendant unlawfully retaliated against her by refusing to re-employ her after she recovered from a work-related-injury. Plaintiff seeks declaratory, injunctive and equitable relief, damages, costs and attorneys' fees.

Defendant has moved for summary judgment as to both counts. For the following reasons, defendant's motion will be denied.

## BACKGROUND

Plaintiff is a registered nurse, licensed by the state of Connecticut. She received her nursing degree in 1977 and has over thirty years of professional nursing experience.

Defendant hired plaintiff in October of 2006 as a per diem nurse. In 2009, plaintiff accepted a full-time position with defendant as a registered nurse behavioral health case manager. Plaintiff was responsible for, among other things, coordinating client care, completing documentation and recertifications, coordinating admissions to home care services, discharges,

and transfers. She was assigned to manage clients located in Danbury, Brookfield, New Fairfield, and Newtown, Connecticut.

In or about February of 2010, plaintiff fell on the ice outside of a patient's home, injuring her hip. In April of 2010, plaintiff aggravated her injury during a client-visit while picking up a leaded lockbox used to store medications. On or about April 8, 2010, plaintiff took leave from work and sought medical advice.

On April 16, 2010, defendant sent plaintiff notice regarding the designation of her leave under the Family and Medical Leave Act. Plaintiff's also received workers' compensation benefits from April 8, 2010, through March 8, 2011. Plaintiff was not able to return to work until February of 2011, when she was released to work on a light-duty basis. Plaintiff was released to return to work without restriction on March 8, 2011.

Upon being released to return to work, plaintiff contacted the director of defendant's Danbury office to inform defendant that she was fit to work, at first on a light duty basis, and shortly thereafter on a non-restricted basis.

Plaintiff was rehired to work for defendant – as a per diem nurse – on or about March 26, 2011. However, despite applying for five different full-time nursing positions with defendant between February 14, 2011, and December 5, 2011, she was not rehired as a full-time employee.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923

F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**FMLA Retaliation**

To establish a prima facia case of FMLA retaliation, a plaintiff must establish that (1) she exercised rights protected under the FMLA, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. Donnelly v. Greenburgh Cent. School Dist. No. 7, 691 F.3d 134, 147 (2d Cir. 2012). Here, only qualification and retaliatory intent are in dispute.

Defendant argues that plaintiff was not qualified for the full-time positions for which she applied and that plaintiff failed to produce any evidence regarding the necessary qualifications for the positions.

Defendant argues that plaintiff "has not set forth any evidence that she was qualified for a

3

full-time behavioral health case manager position with [defendant]" – one of the positions for which she applied – but plaintiff held that same position with defendant prior to taking her medical leave of absence.  Defendant also contends that plaintiff "would not have qualified for a full-time behavioral health case manager position because she had indicated that she had no interest in seeing medical patients or case-managing medical patients," but plaintiff denies expressing aversion to medical work and applied for positions that required her to see medical patients.  Finally, defendant argues that plaintiff's unwillingness to be a team-player and refusal to take client visits because of patient difficulty or travel distance created resentment among the nursing staff and created scheduling difficulties.  Defendant contends that these "undisputed facts" further establish that plaintiff was not qualified to hold a full-time behavioral health case manager position, but plaintiff disputes defendant's assertions.

"Ordinarily, a plaintiff-employee challenging an adverse employment action as discriminatory or retaliatory need not do much to establish his qualification for the position he holds or seeks.  As we have held in the related context of employment discrimination, the qualification necessary to shift the burden to defendant for an explanation of the adverse job action is minimal; plaintiff must show only that he possesses the basic skills necessary for performance of the job."  Donnelly, 691 F.3d at 147.  Plaintiff made this showing.  She held the necessary educational and licensing credentials to serve as a nurse in Connecticut and worked as a nurse for over 30 years prior to applying for the jobs at issue.  Indeed, plaintiff applied for the same position she previously held with defendant.  The record indicates nothing about her performance suggesting that she was unsuitable for re-employment as a full-time nurse.  Moreover, defendant's hiring manager admitted at deposition that plaintiff met the written

4

qualifications for at least one of the positions for which she applied.

Defendant next argues that its refusal to re-hire plaintiff did not occur under circumstances giving rise to an inference of retaliatory intent.

Whether the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent depends on whether there is a basis for a jury to conclude that a causal connection exists between plaintiff's protected activity and the adverse action taken by the employer. One basis for such a conclusion is close temporal proximity between the protected activity and the adverse action. See <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759, 769 (2d Cir. 1998) (finding retaliatory intent inferred from termination within two months of sexual harassment complaint and holding that a strong temporal connection between plaintiff's conduct and other circumstantial evidence is sufficient to raise an issue of fact with respect to pretext) (abrogated in part on other grounds by <u>Nat'l R.R. Passenger Corp. V. Morgan</u>, 536 U.S. 101 (2002)).

Defendant cites <u>Lijeunesse v. Great Atlantic & Pacific Tea</u>, 160 F. Supp. 2d 324, 334 (D. Conn. 2001), for the proposition that temporal proximity, alone, is insufficient to establish a prima facie case of retaliation. However, <u>Lijeunesse</u>, in turn, cites to <u>Gallo v. Eaton Corp</u>, 122 F. Supp. 2d 293, 303 (D. Conn. 2000), which states that "[m]ere temporal proximity alone will not *necessarily* satisfy [the causal connection] requirement." Indeed, <u>Gallo</u> instructs that proof of causal connection may be shown "indirectly by showing that the protected activity was followed closely by the discriminatory treatment." <u>Id.</u> Temporal proximity of events, alone, can give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation. <u>El Sayed v. Hilton Hotels Corp.</u>, 627 F.3d 931, 933 (2d Cir. 2010).

Here, the Court agrees that the time plaintiff was on leave as a result of her injury should not be included when calculating temporal proximity because, while on leave, plaintiff was beyond the retaliatory reach of defendant. In the failure-to-hire context, an adverse action taken at the first opportunity can satisfy the causal connection element of the prima facie case. See Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004); Ayantola v. Community Technical Colleges of CT Bd of Trustees, 2007 WL 963178 at *3 (D. Conn. March 30, 2007). Drawing all reasonable inferences against defendant, the Court finds that plaintiff has satisfied her prima facie burden of showing causation.

**Workers' Compensation**

Section 31-290a (a) prohibits an employer from discriminating against an employee because the employee filed a claim for workers' compensation benefits. To establish a prima facie case of discrimination under Section 31-290a, a plaintiff must establish (1) that she engaged in protected activity, (2) that the employer was aware of the activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action. Martin v. Town of Westport, 108, Conn. App. 710, 717-18 (2008).

Here, causation is the only issue in dispute. The prima facie case analysis applied above also pertains to plaintiff's workers' compensation claim. Accordingly, plaintiff has met her prima facie burden.

The Supreme Court of Connecticut has applied the *McDonnell Douglas* burden shifting analysis to workers' compensation claims. Mele v. City of Hartford, 270 Conn. 751, 768 (2004). As plaintiff has met her prima facie burden:

> [T]he burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions.... If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity.... The plaintiff then must satisfy her burden of persuading the factfinder that she was the victim of discrimination either directly by persuading the [factfinder] ... that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.

Id.

Although the Second Circuit has "never definitively applied the burden-shifting framework from the context of employment discrimination to FMLA retaliation," here, with respect to both her workers' compensation claim and her FMLA claim, plaintiff has sufficiently demonstrated that defendant's proffered reasons may be pretext. See Donnelly, 691 F.3d at 152.

Defendant argues that its legitimate reasons for its decision not to hire plaintiff include (1) it did not have a full-time position available for plaintiff at the time that she was cleared to return to full-time work, and (2) plaintiff had no interest in seeing medical patients – a requirement of the positions for which she applied.

Plaintiff was released by her health care provider to return to work without restriction effective March 8, 2011. Whether defendant had full-time openings on March 8, 2011, is not relevant to whether defendant's refusal to hire plaintiff when openings did become available were retaliatory. Plaintiff applied for full-time nursing positions with defendant when they became available – both immediately before and after she was cleared to work. Whether defendant had a full-time nursing position available on March 8, 2011, is immaterial to why it declined to hire her, for example, in December of 2011.

Defendant's second argument – that plaintiff didn't want to see medical patients –

similarly lacks merit. Plaintiff denies expressing an aversion to medical work, and the fact that plaintiff applied for positions that necessarily included medical nursing, at a minimum, establishes a genuine issue of material fact as to whether defendant's reason to deny her employment is false. Moreover, at deposition, defendant's hiring manager, Kelly Federle, was unable to explain why plaintiff was not selected for four different full-time nursing positions for which plaintiff applied. Indeed, Ms. Federle indicated that she may not have even considered plaintiff's applications:

> Q: Why would you hire somebody else instead of a former employee?
>
> A: Because I hired somebody else. And it was my decision to make.
>
> Q: And do you recall why you exercised your discretion in that manner?
>
> A: I don't recall. Like I said, I don't remember who I hired in her place or if I even saw [plaintiff's application]. I didn't go into the hiring portal every day, so I may not have seen that for – in fact, there's no proof I ever did see it, quite frankly.

By showing that the reasons offered by defendant were likely not legitimate, plaintiff has adequately demonstrated evidence of pretext. Accordingly, defendant's motion for summary judgment will be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [Doc. # 34] is DENIED.

Dated this 17th day of March, 2014, at Bridgeport, Connecticut.

_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE