UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNIE SUE SUMMERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO.: 3:12-CV-00007-WWE |
| v. ) | |
| ) | February 18, 2015 |
| ALMOST FAMILY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT ALMOST FAMILY, INC.'S OBJECTIONS TO PLAINTIFF'S
PROPOSED JURY INSTRUCTIONS AND JURY INTERROGATORIES**

Defendant Almost Family, Inc. ("AFAM" or "Defendant"), by and through its undersigned counsel, Fisher & Phillips, respectfully submits the following objections to Plaintiff's Proposed Jury Instructions and Jury Interrogatories. AFAM reserves the right to supplement these objections and/or add objections as appropriate.

**I.      AFAM's Objections to Plaintiff's Proposed Jury Instructions**

1.      AFAM objects to Plaintiff's Proposed Jury Instruction No. 2 (Elements of an FMLA Retaliation Claim) because Plaintiff does not accurately set forth the elements of a retaliation claim under the FMLA. To prove a claim for retaliation, Plaintiff must establish the following elements: (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. See Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004); Thomsen v. Stantec, Inc., 483 Fed. Appx. 620, 623 (2d Cir. 2012). Plaintiff's Proposed Jury Instruction No. 2 does not set forth the element requiring Plaintiff to establish that she was qualified for her position. Furthermore, Plaintiff's Proposed Jury Instruction No. 2 inaccurately states that Plaintiff needs to

establish that "[a] causal connection exists between the [sic] Ms. Summerlin's FMLA protected activity and Almost Family's decision not to hire Ms. Summerlin to any of the various positions, except for the part time position, to which she applied. A causal connection can be established where the alleged act of retaliation from which Ms. Summerlin claims to have suffered was the first opportunity Almost Family had to retaliate against her for taking FMLA leave."

2. AFAM objects to Plaintiff's Proposed Jury Instruction No. 4 (FMLA Damages) on the following grounds:

>  a. Proposed Jury Instruction No. 4 misstates the applicable standard for mitigation. Specifically, where a claimant has a duty to mitigate damages, he or she is required to make reasonable efforts under the circumstances to reduce her damages by seeking <u>substantially equivalent</u> employment, not merely any other employment. <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 269 (2d Cir. 2005).

3. AFAM objects to Plaintiff's Proposed Jury Instruction No. 7 (Damages under Connecticut General Statutes § 31-290a) on the following grounds:

>  a. Proposed Jury Instruction No. 7 incorrectly instructs the jury to consider front pay as an element of the allowable damages under Section 31-290a. Front pay is an equitable remedy to be decided by the Court, not the jury. The decision to award front pay is for the District Court to decide, in its discretion, and a request for front pay may be denied if the Court finds that the back pay award is sufficient to make the plaintiff whole. <u>Saulpaugh v. Monroe Cmty. Hosp.</u>, 4 F.3d 134, 145 (2d Cir. 1993); <u>Reed v. A.W. Lawrence & Co.</u>, 95 F.3d 1170, 1182 (2d Cir. 1996) ("Front pay is awarded in the sound discretion of the district court" where reinstatement is inappropriate and the plaintiff has been unable to find

another job); Howell v. New Haven Bd. of Educ., No. 3:02cv736 (JBA), 2005 U.S. Dist. LEXIS 19897, at *19-20 (D. Conn. Sept. 8, 2005) (deciding the issue of front pay because "an award of front pay is an equitable remedy within the discretion of the trial court"); Hamza v. Saks Fifth Ave., Inc., No. 07 Civ. 5974, 2011 U.S. Dist. LEXIS 139132, at *10-11 (S.D.N.Y. Dec. 5, 2011) ("Because a lost wages award – whether in the form of back pay or front pay – is an equitable remedy, a party is generally not entitled to a jury determination on the question." ) (internal citations omitted); Smith v. Connecticut Dep't of Corr., Civil Action No. 3:-13-CV-00828 (VLB), 2014 U.S. Dist. LEXIS 106701, at *25 (D. Conn. Aug. 4, 2014) (same).

    b.    Proposed Jury Instruction No. 7 misleadingly states that the jury "may award emotional distress damages even if there were other factors in Ms. Summerlin's life that also caused her stress." Compensatory damages should be awarded only for the injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct in violation of the Connecticut Workers' Compensation Act. Oakes v. New England Dairies, Inc., 591 A.2d 1261, 1266 (Conn. 1991).

4.    AFAM objects to Plaintiff's Proposed Jury Instruction No. 8 (Taxation) because it improperly instructs the jury to consider that "damages for her emotional distress and/or lost compensation" are "taxable as income under the law" and that the jury is "allowed to factor in this consideration when making [its] award for damages." As Connecticut courts have explained, "whether the plaintiff has to pay a tax on the award is a matter that concerns only the plaintiff and the government," and "to instruct the jury as to the plaintiff's tax liability would

3

only cause more problems than it would solve." Sciola v. Shernow, 577 A.2d 1081, 1087 (Conn. App. 1990) (quoting Gorham v. Farmington Motor Inn, 271 A.2d 94, 96-97 (Conn. 1970)).

## II. AFAM's Objections to Plaintiff's Proposed Interrogatories for Special Verdict Forms

1. AFAM objects to Plaintiff's Proposed Interrogatory No. 3 on the following grounds:

    a. Proposed Interrogatory No. 3 asks for the amount of damages awarded to Plaintiff for front pay and benefits in connection with Plaintiff's FMLA claim. The decision to award front pay is for the District Court to decide, in its discretion, and a request for front pay may be denied if the Court finds that the back pay award is sufficient to make the plaintiff whole. Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 145 (2d Cir. 1993); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1182 (2d Cir. 1996) ("Front pay is awarded in the sound discretion of the district court" where reinstatement is inappropriate and the plaintiff has been unable to find another job); Howell v. New Haven Bd. of Educ., No. 3:02cv736 (JBA), 2005 U.S. Dist. LEXIS 19897, at *19-20 (D. Conn. Sept. 8, 2005) (deciding the issue of front pay because "an award of front pay is an equitable remedy within the discretion of the trial court"); Hamza v. Saks Fifth Ave., Inc., No. 07 Civ. 5974, 2011 U.S. Dist. LEXIS 139132, at *10-11 (S.D.N.Y. Dec. 5, 2011) ("Because a lost wages award – whether in the form of back pay or front pay – is an equitable remedy, a party is generally not entitled to a jury determination on the question.") (internal citations omitted); Smith v. Connecticut Dep't of Corr., Civil Action No. 3:-13-CV-00828 (VLB), 2014 U.S. Dist. LEXIS 106701, at *25 (D. Conn. Aug. 4, 2014) (same).

4

    b. Proposed Interrogatory No. 3 asks for the amount of damages awarded to Plaintiff for emotional stress damages in connection with Plaintiff's FMLA claim. Emotional distress damages are not available under the FMLA. 29 U.S.C. § 2617; <u>Nev. Dep't of Human Res. v. Hibbs</u>, 538 U.S. 721, 739-40 (2003) (explaining that "the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses"); <u>Montgomery v. Maryland</u>, 72 Fed. Appx. 17, 19 (4th Cir. 2003) (noting that emotional distress, along with nominal and consequential damages, is not covered under the FMLA); <u>Walker v. UPS</u>, 240 F.3d 1268, 1278 (10th Cir. 2001) (finding that the FMLA "does not provide for compensatory damages in general, but is instead expressly limited to lost compensation and other actual monetary losses").

  2. AFAM objects to Plaintiff's Proposed Interrogatory No. 8 because it asks for the amount of damages awarded to Plaintiff for front pay and benefits in connection with Plaintiff's claim under the Connecticut Workers' Compensation Act. The decision to award front pay is for the District Court to decide, in its discretion, and a request for front pay may be denied if the Court finds that the back pay award is sufficient to make the plaintiff whole. <u>Saulpaugh v. Monroe Cmty. Hosp.</u>, 4 F.3d 134, 145 (2d Cir. 1993); <u>Reed v. A.W. Lawrence & Co.</u>, 95 F.3d 1170, 1182 (2d Cir. 1996) ("Front pay is awarded in the sound discretion of the district court" where reinstatement is inappropriate and the plaintiff has been unable to find another job); <u>Howell v. New Haven Bd. of Educ.</u>, No. 3:02cv736 (JBA), 2005 U.S. Dist. LEXIS 19897, at *19-20 (D. Conn. Sept. 8, 2005) (deciding the issue of front pay because "an award of front pay is an equitable remedy within the discretion of the trial court"); <u>Hamza v. Saks Fifth Ave., Inc.</u>,

No. 07 Civ. 5974, 2011 U.S. Dist. LEXIS 139132, at *10-11 (S.D.N.Y. Dec. 5, 2011) ("Because a lost wages award – whether in the form of back pay or front pay – is an equitable remedy, a party is generally not entitled to a jury determination on the question." ) (internal citations omitted); <u>Smith v. Connecticut Dep't of Corr.</u>, Civil Action No. 3:-13-CV-00828 (VLB), 2014 U.S. Dist. LEXIS 106701, at *25 (D. Conn. Aug. 4, 2014) (same).

                Respectfully submitted,

                FISHER & PHILLIPS LLP

Dated:  February 18, 2015        By:        s/ Christin Choi
                Risa B. Boerner, Esquire
                Fed Bar No. ct28341
                Christin Choi, Esquire
                Fed Bar No. phv05617
                Fisher & Phillips LLP
                150 N. Radnor Chester Road, Suite C300
                Radnor, Pennsylvania 19087
                Telephone:  (610) 230-2132/2173
                Facsimile:  (610) 230-2151
                rboerner@laborlawyers.com
                ckim@laborlawyers.com

## **CERTIFICATE OF SERVICE**

I, Christin Choi, Esquire, hereby certify that on this 18th day of February 2015, a true and correct copy of Defendant Almost Family, Inc.'s Objections to Plaintiff's Proposed Jury Instructions and Jury Interrogatories was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to the following parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

> Thomas W. Bucci, Esquire
> Willinger, Willinger & Bucci, P.C.
> 855 Main Street
> Bridgeport, Connecticut 06604
> tbucci@wwblaw.com
>
> *Attorneys for Plaintiff*

                                    s/ Christin Choi
                                    Christin Choi