UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CONNIE SUE SUMMERLIN,                    :
    Plaintiff,                           :
                                                   :
v.                                       :                    3:12-cv-00007-WWE
                                                   :
ALMOST FAMILY, INC.,                     :
    Defendant.                           :

## MEMORANDUM OF DECISION ON POST-TRIAL MOTIONS

On April 30, 2015, after four days of trial, including jury selection and deliberations, the jury rendered a verdict in plaintiff's favor on her claims alleging violation of the Family and Medical Leave Act ("FMLA") and the Connecticut Workers' Compensation Act.

### Plaintiff's Motion for Liquidated Damages [Doc. #78]

Under the FMLA, employers are liable for additional liquidated damages in the amount equal to any wages, salary, employment benefits, or other compensation denied to an employee by reason of an employer's violation of the Act.  29 U.S.C. 2617(a)(1)(A); Persky v. Cendant Corp., 547 F. Supp. 2d 152, 156 (D. Conn. 2008).  However, if an employer proves to the satisfaction of the court that the violation was in good faith and that the employer had reasonable grounds for believing that the act or omission was not in violation of the Act, the court may reduce the amount of liability.  Id.

Defendant submits that liquidated damages are not appropriate in this case because: (1) plaintiff freely used her FMLA leave during her employment with defendant; (2) defendant maintained policies and procedures to comply with the FMLA; (3) plaintiff never complained to defendant that her FMLA status had been inappropriately considered; (4) defendant's witness, responsible for hiring decisions, testified that she did not retaliate against plaintiff; and (5) there

is no evidence that any of the hiring managers considered plaintiff's FMLA leave in making hiring decisions.

As to the evidence, the jury rejected defendant's explanation for its hiring decision and determined that defendant violated the FMLA by retaliating against plaintiff based on her use of FMLA leave. The jury concluded that plaintiff's use of FMLA leave was a determining factor in defendant's decision not to offer her full-time employment and awarded plaintiff lost back-pay and benefits as a result of defendant's retaliation.

Plaintiff never claimed that her use of FMLA leave was obstructed. Defendants remaining arguments are not relevant to whether defendant acted in good faith when it retaliated against plaintiff. Defendant's general efforts to comply with the FMLA do not demonstrate that its violation of the Act was made in good faith. Indeed, the Court finds retaliation and good faith to be mutually exclusive. Accordingly, plaintiff's motion for liquidated damages will be granted in the amount equal to any lost wages, salary, employment benefits, or other compensation resulting from defendant's FMLA violation.[1]

### Plaintiff's Motion for Prejudgment and Post-Judgement Interest

Judgments that are based on federal law shall have applicable interest calculated at the federal interest rate. See Thomas v. iStar Financial, Inc., 652 F. 3d 141, 150 (2d Cir. 2010). Plaintiff will be awarded prejudgment and post-judgment interest pursuant to 28 U.S.C. § 1961, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield.

---

[1] At page 7, the Court determines that the appropriate damages award for defendant's FMLA violation is $195,507.19.

**Plaintiff's Motion for Costs and Fees**

Plaintiff seeks attorneys' fees for 338 hours at the rate of $325 per hour for a total of

$109,850; and costs in the amount of $1,536.67.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Defendant submits that plaintiff's request for attorneys' fees should be reduced because

some of the hours claimed by plaintiff are excessive and unreasonable.  However, defendant

merely (1) recites the amount of time spent by plaintiff's counsel performing various tasks, (2)

labels that amount of time as "excessive and unreasonable," and (3) seemingly arbitrarily

subtracts a portion of that time as a proposed reduction.

For example, defendant proposes that the Court reduce plaintiff's fee request for time

plaintiff's counsel spent drafting discovery requests:

> Plaintiff served one set of interrogatories, containing 19 interrogatories, and one set of document requests, containing 8 requests for documents. AFAM respectfully submits that spending 6.2 hours drafting simple discovery requests is excessive and unreasonable.  Accordingly, AFAM proposes that the Court subtract 3.2 hours from the amount of hours claimed by Plaintiff, for an overall reduction of **$1,040.00**.

Defendant's Memo in Opposition at 2 [Doc. # 92].

3

In addition, defendant objects to the amount of time plaintiff's counsel spent (1) preparing for deposition of defendant's witness (9.7 hours); (2) preparing a settlement demand (5.9 hours); (3) preparing a motion in limine (4.2 hours); and (4) preparing opposition to defendant's motion for summary judgment (68.7 hours).

Defendant's motion for summary judgment and statement of material facts with exhibits totaled 163 pages.  Plaintiff's responsive 56(a)(2) statement totaled 29 pages and included over 50 statements of fact that were in dispute.  With exhibits, plaintiff's responsive papers totaled 314 pages, including a 34 page memorandum in opposition.  That it took plaintiff's counsel, an individual attorney, a week and a half to complete such response, including review and analysis of the record, research of the law, writing, editing, and proofreading, is not unreasonable.

Although the attorneys' fees in this case are significant, the Second Circuit has condoned fees disproportionate to the plaintiff's recovery of damages.  See Millea v. Metro-North R. Co., 658 F.3d 154, 169 (2d Cir. 2011) (holding that the district court erred by adjusting the initial $144,792 in attorneys' fees for several reasons, including its disproportion to the $612.50 FMLA damages award).  Here, the fees are not disproportionate to the award, and defendant objects to only 38 of the 338 hours billed by plaintiff's counsel.  Moreover, "[t]he novelty and complexity of a case generally may not be used as a ground for adjusting the lodestar because they are already included in the lodestar calculation itself, being fully reflected in the number of billable hours recorded by counsel."  Id. at 167.

The Court finds that plaintiff's counsel spent a reasonable amount of time litigating this case.  Accordingly, plaintiff's motion for attorneys' fees and costs will be granted.

4

**Defendant's Motion for Judgment as a Matter of Law**

Pursuant to Rule 50, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law against the party . . . ." Fed. R. Civ. P. 50(a). Defendant has renewed its motion for judgment as a matter of law, including an alternative request for new trial under Rule 59. See Fed. R. Civ. P. 50(b). Defendant contends that plaintiff did not present legally sufficient evidence to support the jury's verdict, arguing that the sole basis upon which plaintiff rested her claims of retaliation was the temporal proximity between her leave and defendant's decision not to hire her. Defendant argues that plaintiff failed to establish (1) that she was qualified for the positions for which she applied, and (2) that there was a causal connection between her leave and defendant's decision not to hire her into a full-time position.

"[A] Rule 50 motion may be granted only when drawing all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of the non-movant, a reasonable jury could only have found for the movant." Kim v. Hurston, 182 F.3d 113, 117 (2d Cir. 1999).

Here, a reasonable jury could have found for plaintiff. The jury was able to compare the job posting requirements with plaintiff's professional qualifications for each of the full-time positions for which plaintiff submitted applications. Most of the positions required a minimum of 1 to 3 years experience as a registered nurse. Plaintiff presented evidence that she has over 30 years of nursing experience. Moreover, plaintiff presented evidence that defendant had previously hired her for one of the positions for which defendant now asserts she is not qualified.

Defendant's witness, Ms. Federle, testified that plaintiff was difficult to work with and was not a team player, but the jury was entitled to discredit such testimony, as plaintiff's performance evaluations did not corroborate defendant's assertions.  Defendant contended that plaintiff was not interested in the positions for which she applied, as she disfavored the type work involved with such jobs, yet plaintiff applied for the positions.  The jury was entitled to accept plaintiff's position that she understood the nature of the work and that she desired the positions for which she applied.

Plaintiff did not rely solely on the temporal proximity between her protected activity and the adverse employment actions to demonstrate causation.  She also introduced evidence that would allow a jury to conclude that the reasons advanced by defendant for refusing to hire her were pretext for its retaliatory motive.  "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000).

Drawing all inferences in favor of plaintiff, the Court finds that defendant is not entitled to a judgment as a matter of law.  Defendant's motion for judgment or new trial will be denied.

**Defendant's Motion for Remittitur and/or New Trial**

"Remittitur is the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial."  Shu-Tao Lin v. McDonnell Douglas Corp., 742 F.2d 45, 49 (2d Cir. 1984).

Here, the jury awarded plaintiff $400,000 in damages on her FMLA claim.  Defendant argues that, in calculating plaintiff's award, the jury failed to take into account amounts that plaintiff earned during the relevant time period.  The jury appears to have failed to offset the loss of plaintiff's full-time compensation from defendant with plaintiff's actual compensation earned from other sources.  Regardless of whether this was indeed the jury's error, the Court finds the award of $400,000 to be excessive.

Plaintiff was wrongfully deprived of employment with defendant from March 8, 2011, through the date of the verdict, April 30, 2015, a period of 1,514 days, or 4.15 years.  Plaintiff presented evidence that she earned $111,531.43 during her last full year of full-time employment with defendant, so that amount is an appropriate measure of her yearly compensation.[2] Multiplying 4.15 years by $111,531.43 per year produces $462,855.43.

The evidence indicates that plaintiff earned $267,348.24 during the relevant 4.15 year period.  Accordingly, $195,507.19 (the difference between $462,855.43 and $267,348.24) is a fair representation of plaintiff's damages from lost back-pay.  Accordingly, the Court will compel plaintiff to accept an award of $195,507.19 or choose to have a new trial.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for liquidated damages [Doc. # 78] is GRANTED; plaintiff's motion for prejudgment and post-judgment interest [Doc. # 79] is GRANTED in part and DENIED in part; plaintiff's motion for costs and fees [Doc. # 80] is GRANTED; defendant's motion for remittitur and/or for new trial is [Doc. # 89] is GRANTED

---

[2]Plaintiff is encouraged to point the Court toward additional evidence of lost compensation by way of motion for reconsideration if the Court has overlooked such evidence.

in part and DENIED in part; defendant's motion for judgment as a matter of law and/or new trial [Doc. # 93] is DENIED.

The total sum of plaintiff's judgment is $502,402.05 plus interest, which includes FMLA damages, Workers' Compensation damages, FMLA liquidated damages, costs, and fees.

Dated this 20th day of November, 2015, at Bridgeport, Connecticut.


　　　　　　　　　　/s/Warren W. Eginton　　　　　　　　
　　　　　　　　　　WARREN W. EGINTON
　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE